IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA       *
                               *
v.                             *     CR 607-015
                               *
JAMES LAVERN GORDON, JR.       *

O R D E R

Defendant James Lavern Gordon, Jr. was sentenced in this Court on September 3, 2008, to serve 360 months in prison. This sentence, however, was to run concurrent with the federal sentence Defendant was serving from the Northern District of Texas, <u>United States v. Gordon</u>, Case No. 106-CR-044 (N.D. Tex. July 12, 2006). In that case, Defendant was sentenced to serve 120 months in prison, to run concurrent with any sentence imposed in a related state case, but consecutive to other unrelated state sentences. (<u>Id.</u>, Doc. 50.) In any event, Defendant has been in the custody of the States of Texas since 2006. It appears the State of Texas released Defendant from custody a few months ago, but he is being held on a federal detainer at the IAH Polk Adult Detention Facility in Livingston, Texas, a detention facility operated by United States Immigration and Customs Enforcement.

Recently, the undersigned district judge received in chambers a packet of inmate medical records from this facility for Defendant. The packet did not contain any correspondence indicating its significance. Defendant's letter, dated September 30, 2020, followed. Liberally construing the letter, Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He states therein that the doctor at his inmate facility "took it upon hisself (sic) to mail [the medical records] just in case [Defendant] wasn't too concerned about [his] own life." He further states that the doctor "seems to think that this is a case of when [Defendant catches COVID-19] . . . the chances of [Defendant] surviving are slim to none." Defendant further claims that he has been diagnosed with prostate cancer.

The medical records contradict Defendant's representations to the Court. First, they show that it was Defendant who initiated contact with the Court since he expressly requested that his medical records be sent to chambers. Second, there is no indication of the doctor's opinion as it relates to COVID-19. Third, a cursory review of his medical records does not show a current diagnosis of prostate cancer. It does show that Defendant is HIV positive, which he fails to mention in his letter.

In any event, the Clerk is **DIRECTED** to docket the letter of September 30, 2020, as a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and to docket his medical records

**(SEALED)** as Exhibit A thereto. The Government shall have thirty (30) days to respond to the motion. The Government is given this extended period of time in recognition that Defendant has been in state custody in Texas since 2006. Thus, obtaining relevant records, to the extent it chooses to do so, may prove more burdensome for the federal Government.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA