IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 607-015 |
| | * | |
| JAMES LAVERN GORDON, JR. | * | |

**O R D E R**

On September 3, 2008, the Honorable B. Avant Edenfield sentenced Defendant James Lavern Gordon, Jr. to serve 360 months in prison upon his conviction by a jury of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine hydrochloride. The sentence of imprisonment is to run concurrent with a federal sentence of 120 months imposed in the Northern District of Texas, United States v. Gordon, Case. No. 1:06-CR-044 (N.D. Tex. July 12, 2006). The Northern District of Texas sentence is to run concurrent with any sentence imposed in a related state case, but consecutive to other unrelated state sentences. Id., Doc. 50. It appears that Defendant has been in the custody of the State of Texas since 2006 and has only recently begun to serve his federal sentences in the custody of the Bureau of Prisons. Defendant is currently incarcerated at FCI Big Spring, located in Big Spring, Texas.[1] His

---

[1] The Clerk is directed to note Defendant's current place of confinement on the docket sheet for purposes of service.

projected release date from federal custody is January 2, 2034 – thirteen years from now.

The Court presently has before it a motion for compassionate release filed by Defendant pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Defendant's request for relief.

The compassionate release provision provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category, not implicated here, provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than,

or in combination with," the aforementioned three categories. <u>Id.</u> n.1(D) (emphasis added).

In this case, Defendant claims to have a qualifying medical condition, citing his bout with prostate cancer. He also has high blood pressure and high cholesterol. In its response, the Government has provided Defendant's inmate medical records. (Gov't Resp. in Opp'n, Doc. 176, Exs. A & B.) Additionally, the Court is aware of the Centers for Disease Control's list of underlying medical conditions that places or may place a person "at increased risk of severe illness from COVID-19." <u>See</u> Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, <u>available at</u> https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/<u>people-with-medical-conditions.html</u> (last visited on January 4, 2021). With respect to cancer, the CDC states that "having cancer currently" increases a person's risk, but it is not known whether having a history of cancer increases the risk. <u>Id.</u> In Defendant's case, the medical records show that while he was diagnosed with prostate cancer in 2016, he is not currently undergoing any treatment. Moreover, his hypertension is well-controlled and treated with prescription medications. Finally, it bears mentioning that Defendant is HIV positive, though he is not presently considered immunocompromised.

Upon consideration, the Court finds that Defendant has health issues that, in the aggregate, very well may cause severe adverse effects upon him should he contract COVID-19. Thus, he qualifies as having a serious medical condition equating to an "extraordinary and

compelling" reason for compassionate release. The Court, however, retains discretion over whether to grant relief and must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). Upon careful consideration thereof, the Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Defendant's criminal history places him in a criminal history category of VI. Most importantly, however, this Defendant has only begun to serve his federal sentence – with 13 years remaining on his sentence of 360 months. Thus, early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant James Lavern Gordon's motion for compassionate release (doc. 174) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of January, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA